IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------

WILLIAM MATTHEWS, individually and  :
on behalf of all others similarly situated  :
4945 Westgrove Road  :
Virginia Beach, VA 23455;  :           CIVIL ACTION NO. _____
  :
         Plaintiff,  :           **JURY TRIAL DEMANDED**
  :
    v.  :
  :
BIOTELEMETRY, INC. d/b/a  :
CARDIONET  :
1000 Cedar Hollow Road  :
Suite 102  :
Malvern, PA 19355  :
  :
         Defendant.  :

--------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff William Matthews ("Plaintiff") hereby brings this action against Defendant

BioTelemetry, Inc. d/b/a CardioNet ("Defendant"), and alleges, upon personal belief as to his

own acts, and upon information and belief as to the acts of others, as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this complaint contending that Defendant unlawfully failed to pay

him and other similarly-situated Remote Holter Technicians ("Class Plaintiffs"), overtime

compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and

the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §333.100, *et seq.*

2.      Plaintiff is an employee of Defendant who is currently employed in the position

of Remote Holter Technician (also referred to as Remote Holter Analyst).  Plaintiff and Class

Plaintiffs regularly work more than forty (40) hours per week, but are not properly compensated

for their work in that Plaintiff and Class Plaintiffs are not paid an overtime premium at 1.5 times

their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.  In this regard, Plaintiff contends that Defendant unlawfully misclassified him and Class Plaintiffs as independent contractors under the FLSA and PMWA, and failed to accurately track and pay them for all hours worked.  Accordingly, Plaintiff contends that he and Class Plaintiffs are owed unpaid wages and overtime compensation which were denied them as a result of Defendant's unlawful pay practices.

3.      Plaintiff brings this action as a representative action under the FLSA and PMWA for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."  See 29 U.S.C. § 216(b).

5.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

6.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

7.      Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains its corporate headquarters and principal place of business within the Commonwealth of Pennsylvania at 1000 Cedar Hollow Road, Suite 102, Malvern, PA 19355.

8.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the parties reside in this judicial district, doing business therein, and the unlawful practices of which

Plaintiffs are complaining were committed in the Commonwealth of Pennsylvania. Additionally, the "Professional Services Agreement" and "Business Associate Agreement" with Defendant which Plaintiff and, upon information and belief, all other Remote Holter Technicians, were required to execute in order to work for Defendant identify Pennsylvania law as governing, and identify the state and federal courts for Chester County, Pennsylvania, as the appropriate venue for actions arising out of the same.

## PARTIES

9.     Plaintiff William Matthews currently resides at 4945 Westgrove Road, Virginia Beach, VA 23455.

10.     Upon information and belief, Defendant BioTelemetry, Inc. d/b/a CardioNet, previously named CardioNet, LLC, is a for-profit corporation organized and existing under the laws of the State of Delaware, with a headquarters and principal place of business at 1000 Cedar Hollow Road, Suite 102, Malvern, PA 19355.  Upon information and belief, Defendant operates multiple healthcare monitoring, research, and product manufacturing locations throughout the United States.

11.     Defendant is a "private employer" and covered by the FLSA.

12.     Plaintiff is an employee who has been employed by Defendant during all times relevant hereto and, as such, is an employee entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

13.     At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14.     Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15.     This action is brought as a collective action to recover unpaid compensation and overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

16.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Remote Holter Technician, or in positions with substantially similar job duties, who worked for Defendant at any point in the past three (3) years who were paid on a piece rate basis and denied overtime compensation at their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").  Plaintiff contends that he and Class Plaintiffs were denied overtime compensation due to Defendant's policy and practice of misclassifying its Remote Holter Technicians as independent contractors under the FLSA.

17.     Plaintiff estimates that there are in excess of forty (40) other similarly situated Remote Holter Technicians who either are working or worked for Defendant and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours worked in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail and/or publication.

4

18.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at their regular rate of pay as a result of Defendant's misclassification of them as independent contractors, had the same or similar job classifications and job duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures.  Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

19.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## OVERTIME CLASS ACTION ALLEGATIONS

20.     Paragraphs 1 through 19 are hereby incorporated by reference as though the same were fully set forth at length herein.

21.     Plaintiff brings this action individually, and on behalf of the following nationwide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Remote Holter Technician who were paid on a piece rate basis and denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

22.     The members of the class are so numerous that joinder of all members is impractical.  Class members may be informed of the pendency of this Class Action by direct mail.

23.     Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are question of law and fact common to the Class, including, but not limited to:

   a. Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the PMWA;

   b. Whether Defendant improperly classified Plaintiff and the Class as independent contractors rather than employees under the PMWA;

   c. Whether Plaintiff and the Class were based in Pennsylvania for purposes coverage under the PMWA;

   d. Whether Defendant failed to accurate track and maintain records of the hours worked by Plaintiff and the Class;

   e. Whether Plaintiff and the Class worked in excess of forty (40) hours per week; and

   f. Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

24.     Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff is a current employee of Defendant employed in the position of Remote Holter Technician who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the PMWA has affected Plaintiff and the Class in the exact same way.

25.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

26.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

27.     Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.     The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.     Defendant, by failing to pay overtime compensation when it became due and owing in violation of the PMWA, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.     The common questions of law and fact set forth above applicable to the Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

28.     A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of

individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

29.     Paragraphs 1 through 28 are hereby incorporated by reference as though the same were fully set forth at length herein.

30.     Plaintiff first began his employment with Defendant in or around 2011, when he was hired as a Cardiac Specialist reporting to Defendant's office location in Norfolk, VA.

31.     In or around January 2012, Plaintiff was promoted to the position of Holter Department Supervisor.

32.     In that capacity, Plaintiff reported to Defendant's office location in Norfolk, Virginia, where he was responsible for overseeing the work of Defendant's Holter Technicians.

33.     During this time period, from in or around January 2012 until January 2017, Plaintiff supervised both Holter Technicians who physically reported to Defendant's offices in Norfolk ("In-Person Techs"), as well as Remote Holter Technicians who worked from home ("Remote Techs").

34.     Defendant's In-Person Techs are classified as non-exempt employees of Defendant, are paid on an hourly basis, and are entitled to receive overtime compensation for hours worked over forty (40) in a workweek.

35.     By contrast, Defendant's Remote Techs are classified as independent contractors by Defendant, are paid on a piece-rate basis, and are not considered eligible by Defendant to receive overtime compensation for hours worked over forty (40) in a workweek.

36.     In or around February 2017, Plaintiff transitioned to the position of Remote Holter Technician.

37.     Apart from the location in which they work, Plaintiff and, upon information and belief, Defendant's other Remote Techs have effectively the same job duties, responsibilities, and conditions of employment as Defendant's In-Person Techs, which primarily consist of scanning and analyzing Holter and/or Cardiokey reports received through Defendant's cardiac monitoring systems.

38.     Indeed, upon information and belief, when Defendant first created the Remote Holter Tech position in or around 2014, it presented the role to its In-Person Techs as an opportunity to work from home while performing effectively the same work they had been performing from Defendant's physical office locations.

39.     Upon information and belief, in order to transition to the Remote Holter Technician position, Defendant's employees were required to execute an agreement to be switched to 1099-independent contractor status and to be paid on a piece rate basis.

40.     Upon information and belief, both Defendant's In-Person Techs and Remote Techs are subject to supervision by Defendant's corporate offices in Malvern, PA, which evaluates their work performance.

41.     Defendant maintains control over the manner by which Plaintiff and Class Plaintiffs perform their duties as Remote Holter Technicians.

42.     In this regard, Plaintiff and, upon information and belief, Class Plaintiffs are required to report remotely to Defendant's various office locations, including Defendant's Corporate Headquarters and Monitoring Center in Malvern, Pennsylvania.

43.     For example, upon information and belief, Defendant's Remote Holter Techs regularly receive and are required to respond to email communications and directives from Michelle Sowa, Defendant's Senior Director of Clinical Operations, who is based out of Defendant's corporate offices in Malvern, PA.

44.     In addition, Plaintiff and, upon information and belief, Class Plaintiffs are assigned a work schedule based on three (3) standard shifts during which they are required to be available to perform their job duties; are assigned a minimum quota of jobs to complete on a weekly basis; and are required to perform their work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant, as well as in accordance with certain health care facility guidelines provided by Defendant.

45.     Plaintiff and, upon information and belief, Class Plaintiffs regularly receive work assignments from Defendant's Supervisors, are restricted with respect to which work queues they are permitted to work from, and are required to submit daily logs to allow Defendant to monitor their productivity in the same fashion as Defendant's In-Person Techs.

46.     Additionally Plaintiff, and upon information and belief, Class Plaintiffs are placed in email groups alongside Defendant's In-Person Techs through which they receive directives from Defendant's management.

47.     Plaintiff and, upon information and belief, Class Plaintiffs, are also not permitted to work for other companies who provide cardiac monitoring services.

48.     Plaintiff and, upon information and belief, Class Plaintiffs, were not permitted to outsource their work or employ helpers.

49.     Defendant provided Plaintiff and Class Plaintiffs with the software necessary to perform their tasks, as well as training on said software.

50.     The Holter monitoring services performed by Plaintiff and Class Plaintiffs were and are an integral part of Defendant's Holter monitoring business.

51.     Plaintiff and, upon information and belief, Class Plaintiffs receive occasional performance evaluations from Defendant, referred to as Quality Scores, along with performance feedback, coaching, and discipline for failing to perform in accordance with Defendant's expectations.

52.     During a typical, average workweek, Plaintiff generally worked from 10:00 am to 7:30 pm, Monday through Friday, for a total of approximately forty-seven and a half (47.5) hours per week, although Plaintiff often continued working until around 12:00 am and occasionally worked during the weekends.

53.     By way of example, during the workweek of March 12, 2017 to March 18, 2017, Plaintiff worked approximately seventy-four (74) hours.

54.     Despite thus working approximately thirty-four (34) hours of overtime during the aforementioned workweek, Plaintiff received no overtime compensation.  Instead, Plaintiff received only his flat piece-rate per job completed.

55.     Upon information and belief, Class Plaintiffs generally also worked significantly in excess of forty (40) hours per week, but did not receive overtime compensation as a result of Defendant's misclassification of them as independent contractors.

56.     Plaintiff and Class Plaintiffs are paid on a piece rate basis, and, as such, do not qualify for the exemptions for executive, administrative, or professional employees under the FLSA/PMWA.

57.     Plaintiff and Class Plaintiffs do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

58.     Accordingly, Plaintiff and Class Plaintiffs do not qualify for the exemption for executive employees under the FLSA/PMWA.

59.     Plaintiff and Class Plaintiffs do not perform work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

60.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

61.     Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties do not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical work.  Rather, Plaintiff and Class Plaintiffs were required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

62.     Accordingly, Plaintiff and Class Plaintiffs are not exempt from overtime compensation pursuant to the exemption for learned professionals under the FLSA/PMWA.

63.     Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

64.     Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation for all hours they worked over forty (40) in a workweek.

65.     As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

66.     Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67.     Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

68.     Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

69.     Defendant misclassified Plaintiff and Class Plaintiffs as independent contractors, rather than employees, within the meaning of the FLSA/PMWA, thus failing to pay them overtime compensation for all hours worked over forty (40) in a workweek.

70.     Defendant failed to accurate track and maintain records of all hours worked by Plaintiff and Class Plaintiffs, including, but not limited to, time spent performing holter and/or cardiokey report scanning and analysis, completing paperwork, reviewing and responding to emails, and attending required trainings.

71.    As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

72.    The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

73.    Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

74.    Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE,** Plaintiff prays for the following relief on behalf of himself and Class Plaintiffs;

A.    An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Remote Holter Technician, and authorizing Plaintiff's counsel to issue a notice at the earliest possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.      Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.      Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.      Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.      Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.      Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.      Awarding pre- and post-judgment interest and court costs as further allowed by law;

I.      Granting Plaintiff and the Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.      For all additional general and equitable relief to which Plaintiff and the Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

75.      Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

77. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

78. Plaintiff and, upon information and belief, Class Plaintiffs were based in Pennsylvania for purposes of coverage under the PMWA by virtue of, among other things, the fact that they regularly reported to and received directives from Defendant's corporate offices in Pennsylvania, and the "Professional Services Agreement" and "Business Associate Agreement" they were required to enter into in order to work for Defendant and which provide for the applicability of Pennsylvania law.

79. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

80. As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

WHEREFORE, Plaintiff, on behalf of himself and the Class Plaintiffs, prays for judgment against Defendant as follows:

A. An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and his counsel as class counsel;

B.      An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime

compensation to which they are entitled, including interest thereon, and penalties subject to

proof;

C.      An award to Plaintiff and Class Plaintiffs of reasonable attorney's fees and costs

pursuant to the Pennsylvania Minimum Wage Act; and

D.      An award to Plaintiff and Class Plaintiffs for any other damages available to them

under applicable Pennsylvania law, and all such other relief as this Court may deem proper.


**JURY DEMAND**

Plaintiffs hereby demand a trial by jury as to all issues so triable.



Respectfully submitted,

**MURPHY LAW GROUP, LLC**


By:_____
Michael Murphy, Esquire
Michael Groh, Esquire
Eight Penn Center, Suite 1803
1628 John F. Kennedy Blvd.
Philadelphia, PA 19103
TEL: 267-273-1054
FAX: 215-525-021
murphy@phillyemploymentlawyer.com
Attorneys for Plaintiffs

Dated:   February 9, 2018

## DEMAND TO PRESERVE EVIDENCE

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.