IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| WILLIAM MATTHEWS<br><br>v.<br><br>BIOTELEMTRY, INC. d/b/a CARDIONET | CIVIL ACTION<br><br>NO. 18-561 |
|---|---|

**Baylson, J.**                                                                                                                July 31, 2018

## MEMORANDUM RE: MOTION TO DISMISS

In this case, Plaintiff William Matthews alleges that Defendant BioTelemetry, Inc. violated the Fair Labor Standards Act ("FLSA") and the Pennsylvania Minimum Wage Act ("PMWA") when it failed to pay Plaintiff and other similarly situated workers a premium hourly rate for hours worked in excess of forty per week. Plaintiff seeks to represent a putative class of "all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Remote Holter Technician who were paid on a piece rate basis and denied overtime compensation." (Complaint. ¶ 21). Presently before the Court is a Motion to Dismiss Count Two of the Complaint for failure to state a claim for which relief can be granted, filed by Defendant. For the reasons discussed below, Defendant's motion is granted without prejudice.

### I.  Factual and Procedural Background

Taking Plaintiff's allegations as true, the factual background is as follows. Plaintiff William Matthews is a Virginia resident who began working for Defendant BioTelemetry, Inc. in 2011. (Complaint. ¶¶ 9, 30). BioTelemetry, Inc. is a private Delaware corporation with its headquarters and principal place of business in Malvern, Pennsylvania. (Id. ¶¶ 10-11).

1

Defendant operates multiple healthcare monitoring, research, and product manufacturing locations throughout the United States. (Id. ¶ 11).

Plaintiff was hired as a Cardiac Specialist and reported to Defendant's office in Norfolk, Virginia. (Id. ¶ 30). In or around January 2012, Plaintiff was promoted to the position of Holter Department Supervisor. (Id. ¶ 31) From 2012 until January 2017, Plaintiff supervised Holter Technicians physically located in the Defendant's Norfolk office ("In-Person Techs"), as well as those who worked from home, known as Remote Holter Technicians ("Remote Techs"). (Id. ¶ 33). The Remote Tech role was not offered by Defendant until 2014. (Id. ¶ 38). Plaintiff transitioned to this role of Remote Tech in February of 2017. (Id. ¶ 36). In this role, Plaintiff generally worked from 10:00 am to 7:30 pm for a total of 47.5 hours per week, and often worked until 12:00 am and occasionally on weekends (Id. ¶¶ 52-54).

Defendant classified In-Person Techs as non-exempt employees. (Id. ¶ 34). In-Person Techs were paid on an hourly basis and entitled to overtime compensation for hours worked in excess of forty. (Id.). Defendant classified Remote Techs as independent contractors. (Id. ¶ 35). Remote Techs were paid on a piece-rate system, and not eligible to receive overtime pay. (Id.). Apart from the location where the work was performed, the role of Remote Tech and In-Person Tech were virtually identical, and were marketed to employees as such. (Id. ¶¶ 37-38). All Techs were also supervised by and reported remotely to Defendant's headquarters in Malvern, Pennsylvania. (Id. ¶¶ 40-42).

Any employee who wished to transition from the role of In-Person Tech to the role of Remote Tech was required to execute a "Professional Services Agreement" and a "Business Associate Agreement." (Id. ¶¶ 8, 39). These agreements specified that the individual would be classified as a 1099-independent contractor and be paid on a piece rate basis. (Id.). These

agreements also identified Pennsylvania law as governing, and identified the state and federal courts for Chester County, Pennsylvania, as the venue for actions arising out of disputes related to the agreement. (Id. ¶ 8).

On February 9, 2018 Plaintiff filed a Complaint in the Eastern District of Pennsylvania. (ECF No. 1). The Complaint states two claims on behalf of Plaintiff and the putative class:

1. Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 for unlawfully failing to pay overtime compensation.

2. Violation of the Pennsylvania Minimum Wage Act, 43 P.S. §333.100, et seq for unlawfully failing to pay overtime compensation.

On April 23, 2018, Defendant filed a motion to dismiss only Count II of the Complaint (ECF No. 10). Count II is Plaintiff's PMWA claim. On May 7, 2018, Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion (ECF No. 11), and Defendant replied to Plaintiff's opposition motion on May 18, 2018 (ECF No. 14).

## II. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. Angelastro v. Prudential–Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir. 1985). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Id. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.") (citing Twombly, 550 U.S. at 556 n.3). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### III. Discussion

#### A. Parties' Contentions

Defendant contends that Plaintiff was not an employee under the PMWA. (Defendants Reply Memorandum of Law in Further Support of Motion to Dismiss Count Two of Plaintiff's Complaint, at 3, 5). Defendant specifically argues that independent contractors are distinct from employees and are not entitled to overtime compensation under the PMWA. (Id. at 3-4). Defendant further contends that even if Plaintiff was an employee, Plaintiff was not "based in Pennsylvania" for the purposes of the statute. (Id. at 3-4). Specifically, Defendant argues that Plaintiff had no physical presence in the state, alleged no specific contact with the state, and has the ability to bring a claim in an alternative forum under the FLSA. (Id. at 5).

Plaintiff argues that the "Professional Services Agreement" and "Business Associate Agreement" entered into by Plaintiff and Defendant provide for the application of Pennsylvania Law (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint, at 8-9), and that this designation would entitle Plaintiff to seek relief under Pennsylvania's Wage Payment Collection Law (WPCL), and by extension, the PMWA. (Id. at 9). Additionally, Plaintiff argues that even without a choice-of-law clause,

Plaintiff pleaded sufficient facts to establish that he was "based in Pennsylvania" (Id.). In support of this proposition Plaintiff relies on allegations of Defendant's business operations in Pennsylvania, Plaintiff's contact with named employees at Defendant's Pennsylvania headquarters, and the supervision of Remote Techs by employees at Defendant's headquarters. (Id. at 10-11).

### B. Analysis

While the Third Circuit has not yet laid out a standard, multiple district courts in Pennsylvania have held that Plaintiff must put forth sufficient factual allegations to establish that he is "based in Pennsylvania" to be afforded protection under the PMWA. Friedrich v. U.S. Computer Systems, Inc., 1996 WL 32888, *8-9 (E.D. Pa. Jan. 22, 1996); Truman v. Dewolff, Boberg & Associates, Inc., 2009 WL 2015126, *2 (W.D. Pa. July 7, 2009). However, Plaintiff need not be a resident of Pennsylvania to successfully establish this connection. Friedrich, 1996 WL 32888 at *8. Specifically, courts applying Pennsylvania law have employed a five-factor test to determine whether an employee is based in Pennsylvania under the WPCL, which is a similar minimum wage law. McGoldrick v. TruePosition, Inc., 623 F. Supp. 2d 619, 631-32 (E.D. Pa. 2009). These factors include:

> a) Employer's headquarters;
>
> b) Employee's physical presence working in Pennsylvania;
>
> c) Extent of employee's contact with Pennsylvania employer (i.e. reporting, direction, supervision, hiring, assignment, termination);
>
> d) Employee's residence; and
>
> e) Employee's ability to bring his claim in another forum.

Id.

While this test has only explicitly been used to evaluate WPCL claims, this Court analyzed similar factors in determining a "based in Pennsylvania" claim under the PMWA. Friedrich, 1996 WL 32888, at *8 (stating that "[a]lthough [employees] did not reside in Pennsylvania, they were hired by the defendant's Broomall, Pennsylvania office, to which they reported daily by telephone. They also received their assignments and pay checks from that office").

Plaintiff has made only a few allegations which would enable the plausible inference that Plaintiff was based in Pennsylvania for purposes of PMWA protection. Firstly, the "Professional Services Agreement" and "Business Associate Agreement" signed by all Remote Holter Technicians, identified Pennsylvania law as governing (Complaint ¶ 8). Secondly, Plaintiff alleged that Defendant's In-Person Techs and Remote Techs were subject to supervision by Defendant's corporate offices in Malvern, PA, which evaluated their work performance. (Id. ¶ 40). Thirdly, Plaintiff was required to report remotely to Defendant's various office locations, including Defendant's Corporate Headquarters and Monitoring Center in Malvern, Pennsylvania. (Id. ¶ 42). Lastly Defendant's Remote Holter Techs regularly receive and are required to respond to email communications and directive from Michelle Sowa, Defendant's Senior Director of Clinical Operations, who is based out of Defendant's corporate offices in Malvern, PA. (Id. ¶ 43). While additional allegations indicate over forms of supervision and contact, none explicitly create a link to Pennsylvania.

This Court finds that this set of allegations do not create a plausible inference that Plaintiff was based in Pennsylvania for purposes of the PMWA. The Court cannot ignore that Plaintiff does not allege that he was physically present working in Pennsylvania, does not discuss

details of what he did in relation to his employer in Pennsylvania, and does not allege that he is a Pennsylvania resident.

It is thus within the Court's discretion to grant Defendant's Motion to Dismiss Count II of Plaintiff's complaint without prejudice, but invite Plaintiff to file an amended complaint which puts forth any additional allegations which may demonstrate that Plaintiff was based in Pennsylvania. It is particularly important to require more facts in this case because Plaintiff seeks to represent a class, and a key issue on class certification will be whether Plaintiff is an adequate representative of the proposed class. In re Prudential Ins. Co. Am. Sales Practice Litig., 148 F.3d 283, 313-14 (3d Cir.1998).

The Court also notes that while both Plaintiff and Defendant offered arguments as to whether Plaintiff was improperly classified as an independent contractor, neither party engaged in a full analysis of this key issue.[1]

## IV. Conclusion

Defendant's Motion will be granted without prejudice, with leave to file an Amended Complaint.

O:\Christina.2017\Matthews v. Biotelemtry (18-561)\Update--Final Memo on MTD.docx

---

[1] In the Third Circuit, Donovan v. DialAmerica Marketing, Inc., 757 F.2d 1376 (3d Cir. Mar. 13, 1985) is the controlling test for determining employee status under the FLSA and PMWA.