# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM MATTHEWS**, individually and on behalf of all other similarly situated<br><br>v.<br><br>**BIOTELEMETRY, INC.** d/b/a CARDIONET | **CIVIL ACTION**<br><br>**NO. 18-561** |

## MEMORANDUM RE: FINAL APPROVAL OF SETTLEMENT

**Baylson, J.**                                                                                                                                    **July 24, 2019**

      This case was filed on behalf of a class of certain employees of Defendant, asserting that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.; the Pennsylvania Minimum Wage Act, 43 P.S. § 333.104; and the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., by failing to pay them minimum wage and overtime compensation.

      After a brief period of discovery, the parties entered into a class settlement. The Court granted preliminary approval of the settlement and authorized the sending of notice to class members (ECF 23). On April 15, 2019, Plaintiffs' Class Representative, William Matthews, filed a Motion for Approval of the Joint Stipulation of Settlement and Release ("Agreement") as well as a Motion for Approval of Attorneys' Fees and Reimbursement Expenses (ECF 25, 26).

      The Court held a hearing on the Motion for Approval of the Agreement on April 22, 2019 (ECF 27).[1] A number of questions were satisfactorily answered by Plaintiffs' counsel. Defense counsel was present at the hearing and joins in Plaintiffs' request for approval of the Agreement. Defendant provided written notice of the proposed settlement in compliance with the Class

---

[1] The audio file of the hearing is available at ECF 28.

Action Fairness Act (ECF 31).  The Court will now approve the settlement, grant a service award, and approve attorneys' fees and costs.

The notice to the class, as allowed by the Court's prior Order (ECF 23), did not result in any objections to the settlement.  According to Plaintiffs' counsel, only two opt-outs have been filed.  (See ECF 25 at 7.)  Neither of the opt-outs has, to date, filed his/her own lawsuit, at least not in this Court.

The overall record demonstrates that the settlement is fair and reasonable and that there is no reason for the Court not to approve the Agreement.  This is not a particularly large case either as to the number of class members or the amount of settlement.  The Court finds that the settlement terms are clear and that the members of the class will be well served and rewarded in appropriately proportional amounts to their injuries, after counsel fees and costs are awarded.

On the subject of attorneys' fees, the Court finds that Plaintiffs' attorneys have performed their tasks in a very satisfactory manner.  There have not seemed to have been any legal roadblocks to the pursuit of this case, and the settlement between the Settlement Class and Defendant was reached fairly promptly after a short amount of discovery.  There were no pretrial motions filed by either party as to discovery.

The Court is aware that Plaintiffs have requested attorneys' fees in the amount of $70,000.00, which reflects 35% of the total settlement amount.  (See ECF 26 at 3.)  Plaintiffs have also supplied their "lodestar" calculations in the amount of $46,823.33.  (Id. at 18.)  The hourly rates requested of $285.00 and $400.00 are very reasonable in the Philadelphia legal marketplace, and the number of hours expended (157.50) in this case is also reasonable.  (See id.)  In this case, the Court believes that the total amount of the settlement to be awarded to the Settlement Class should be not less than 65%.  Thus, the total sum of legal fees, administrative

fees, and the service fee should be limited to $70,000.00. This will result in legal fees being awarded in the amount of $58,000.00, which is an appropriate premium on the lodestar in this specific case. This was not a very complex case; it did not involve a great deal of time or extra factors that would warrant higher attorneys' fees. Although Plaintiffs' counsel deserves a premium on the actual lodestar, the overall facts of the case demonstrate that a $58,000.00 legal fee is reasonable. The recommended "cross-check" between the percentage awarded and the lodestar shows a very close relationship.

As to the service award requested for the Class Representative, this Court agrees that conceptually such an award is appropriate but concludes that it should be limited to $2,000.00. The Court further finds that a maximum of $9,500.00 to be awarded for administrative expenses is also reasonable and approved.

The Court therefore enters the attached Order of Final Approval.

O:\CIVIL 18\18-561 Matthews v Biotelemetry\18cv561 Memo re Final Approval of Settlement.docx