# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM MATTHEWS**, individually and on behalf of all other similarly situated<br><br>v.<br><br>**BIOTELEMETRY, INC.,** doing business as CARDIONET | **CIVIL ACTION**<br><br>**NO. 18-561** |

## ORDER RE: FINAL APPROVAL OF SETTLEMENT

This matter comes before the Court on the Motions of the Class Representative, William Matthews, by his counsel, the Murphy Law Group, LLC ("Class Counsel"), for an Order and judgment finally approving the Joint Stipulation of Settlement and Release ("Agreement") previously filed with the Court, dismissing with prejudice all claims asserted in this matter, and awarding attorneys' fees and reimbursement of expenses (ECF 25, 26). Defendant has provided written notice of the proposed class settlement to the appropriate state and federal officials, as required by the Class Action Fairness Act (ECF 31). After reviewing the Agreement and other related materials submitted by the parties, considering any and all objections raised to the settlement, and otherwise being fully apprised of all the facts, the Court hereby enters the following Final Order and Judgment:

1. This Court has jurisdiction over the subject matter of this action and over all parties to this action pursuant to 28 U.S.C. §§ 1331 and 1367(a) and 29 U.S.C § 216(b), including all members of the Settlement Class, preliminarily certified for settlement purposes only, by Order dated December 21, 2018 (ECF 23), and as defined as:

    All individuals contractually engaged as a "Remote Holter Technician" or "Remote Holter Analyst" and who worked between the period between February 9, 2015 to the present, and received an IRS Form 1099 from Defendant for payments for the services rendered.

2. The Court hereby finds that the Settlement Class, as defined above, satisfies the requirements of Federal Rule of Civil Procedure 23(a), is maintainable under Rule 23(b)(3), and that the Settlement Class satisfies the requirements to be maintainable as a collective action under 29 U.S.C § 216(b). The Court finally certifies the Settlement Class for purposes of settlement of this action only.

3. The Class Notice given to the members of the Settlement Class adequately informed the class members of the terms of the Agreement, their right to opt out of the monetary provisions and pursue their own remedies, and their obligations to complete and submit a Proof of Claim and Consent To Join Form, IRS Form W-4, IRS Form W-9, and any similar state forms required to process settlement payments, in order to receive a settlement payment. The Class Notice also apprised the Settlement Class members of their opportunity to file written objections and to appear and be heard at the Settlement Hearing regarding the approval of the Agreement. The Court finds that the Class Notice provided satisfied the requirements of Federal Rule of Civil Procedure 23(e)(1)(B) and 29 U.S.C. § 216(b).

4. The Court hereby approves the Agreement and finds that the settlement is fair, reasonable, and adequate to all members of the Settlement Class. The Court finds that extensive investigation, research, and litigation has been conducted such that counsel for all parties are able to evaluate their respective risks of further litigation, additional costs, and potential delay associated with further prosecution of this action. The Court further finds that the Agreement has been reached as a result of intensive, arms-length negotiations, including mediation with the Court.

5. Class Counsel is awarded $58,000.00 for fair and reasonable attorneys' fees and litigation expenses incurred in the prosecution of this litigation, such award to be paid

from the Settlement Amount in full compromise and satisfaction of all attorneys' fees and expenses incurred by Class Counsel as specified in the Agreement. The Claims Administrator, RG/2 Claims Administration LLC, shall be awarded an amount not to exceed $9,500.00 for fair and reasonable fees and expenses incurred in the administration of the settlement. Such award is to be paid from the Settlement Amount as specified in the Agreement.

6. A service award, which is to be paid from the Settlement Amount as specified in the Agreement and paid in exchange for a general release, is approved for the following Class Representative who performed substantial services for the benefit of the Settlement Class, in the following amount:

| Name: | Amount: |
|---|---|
| William Matthews | $2,000.00 |

7. The Court finds and determines that the payments to the members of the Settlement Class, as provided in the Agreement and to be determined and paid by the Claims Administrator, are fair, reasonable, and adequate. The Court gives final approval to and orders that those payments be made to the members of the Settlement Class who have not requested exclusion from the settlement in accordance with the Agreement.

8. This Court hereby dismisses with prejudice all claims and actions in this matter and the claims of all Settlement Class members, except those who timely submitted valid opt out forms as provided for in the Agreement, based on or arising out of any acts, facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, on the merits and without costs to any of the parties as against any other settling party, except as provided in the Agreement.

9. All persons who are members of the Settlement Class, except those who timely submitted valid opt out forms as provided for in the Agreement, are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages, and liabilities of any kind, nature, and character whatsoever in law, equity, or otherwise, known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed, against Defendant Biotelemetry, Inc. d/b/a CardioNet under the Pennsylvania Minimum Wage Act, the Pennsylvania Wage Payment and Collection Law, the Employee Retirement Income Security Act ("ERISA"), and other state and local wage and hour laws, including, without limitation, statutory, constitutional, contractual, or common law claims for wages, damages, unpaid costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief arising out of, related to, connected with, or based in whole or in part on any facts, transactions, occurrences, representations, or omissions which are alleged, or which could have been alleged, in the Class and Collective Action Complaint in this matter, including, but not limited to, any claims for employee benefits, including dental, vision, life insurance, 401(k) contributions, paid time off, holiday pay, and any other type of benefit. All members of the Settlement Class, except those who timely submitted valid opt out forms as provided for in the Agreement, are permanently enjoined from participating in any other lawsuit concerning the claims, causes of action, damages, and liabilities set forth in the preceding sentence.

10. All members of the Settlement Class who previously consented to become party-plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b) and have not withdrawn their opt-in notices will be deemed to have released all claims, rights, demands, liabilities, and

causes of action arising under the Fair Labor Standards Act ("FLSA"). Thus, they are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages and liabilities of any kind, nature, and character under the FLSA, whether the claims are known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed.

11. By completing and returning their Proof of Claim and Consent To Join Form, IRS Form W-4, IRS Form W-9, and any similar state forms required to process settlement payments, and by endorsing and executing Settlement Payment checks as set forth in the Agreement, members of the Settlement Class who have not previously consented to become party-plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b), or who withdrew their opt-in notices, will be consenting to be party-plaintiffs in this lawsuit pursuant to 29 U.S.C. § 216(b) and will be deemed to have released all claims, rights, demands, liabilities, and causes of action arising under the FLSA. Thus, they are hereby barred and permanently enjoined from prosecuting, commencing, or continuing any claims, causes of action, damages, and liabilities of any kind, nature, and character under the FLSA, whether the claims are known or unknown, suspected or unsuspected, that now exist, may exist, or heretofore existed.

12. The Court retains jurisdiction over this action and the parties to administer, supervise, interpret, and enforce the Agreement and this Order.

13. No distribution shall be made other than as approved above. Class counsel shall submit a final accounting of the distributions made pursuant to this Order and may recommend disposition of any unclaimed funds within thirty (30) days after completion of all payments.

BY THE COURT:

/s/ Michael M. Baylson
MICHAEL M. BAYLSON, U.S.D.J.

Dated: July 24, 2019

O:\CIVIL 18\18-561 Matthews v Biotelemetry\18-561 order granting final approval of sett.docx